IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY DAN BILBO, SR. | § | |
|     TDCJ-CID #1252971 | § | |
| v. | § | C.A. NO. C-08-297 |
| | § | |
| DR. JAMES M. FITTS, ET AL. | § | |

## ORDER TO DISMISS CERTAIN CLAIMS AND TO RETAIN ACTION

This case is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is ordered that plaintiff's Eighth Amendment claim alleging deliberate indifference to his serious medical needs against Dr. James M. Fitts be retained, and service ordered on this defendant. It is further ordered that plaintiff's excessive force claim against Captain Michael Skau and Officer John Doe be retained, and service ordered on these defendants. Finally, it is ordered that plaintiff's claims against Warden Oscar Mendoza,

Assistant Warden Norris Jackson, Major Matt Barber, Captain Arturo Falcon, and Norma Saenz be dismissed with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(B)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of plaintiff, (D.E. 5), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment pursuant to 28 U.S.C. § 636(c). (D.E. 7).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on August 28, 2008, and named as defendant, the Texas Department of Criminal Justice. (D.E. 1).

A Spears[1] hearing was held on October 2, 2008. At the hearing, plaintiff orally moved to amend his complaint to name the following additional defendants: (1) Dr. James M. Fitts; (2) Warden Oscar Mendoza; (3) Assistant Warden Norris Jackson; (4) Major Matt Barber; (5) Captain Michael Skau; (6) Officer John Doe; (7) Norma Saenz; and (8) Captain Arturo Falcon.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff orally moved to dismiss the TDCJ.[2]  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

Plaintiff has an undiagnosed sleeping disorder that includes elements of sleep walking. As a consequence of his sleep walking condition, he often rises in the middle of the night and leaves his top bunk, unaware that he is doing so.  Because he was afraid that he would injure himself during one of his sleeping walking episodes, for over the past four years, he has been requesting a lower bunk restriction from Dr. Fitts.  However, Dr. Fitts has routinely denied him a lower bunk pass.  Indeed, on several occasions, plaintiff has refused his top bunk assignments, resulting in disciplinary cases and punishments.  One time, in the fall of 2007, he refused a top bunk placement, and Captain Skau ordered a use of force.  Officer John Doe used mace and handcuffs to extract plaintiff from his cell, despite the fact that plaintiff would have left voluntarily and was not resisting the officers.

On April 29, 2008,[3] plaintiff had a sleep walking episode where he fell from his top bunk, hitting his head on the metal desk below, and fracturing his jaw.  He also hurt his back and knee. Plaintiff was escorted to the infirmary where he was seen by Dr. Fitts.  Although his jaw was obviously broken, Dr. Fitts told him his jaw would be x-rayed the next day.  Plaintiff urged Dr. Fitts to provide him with immediate care, and, with the help of another officer, he was eventually transported to John Sealy Hospital, arriving approximately 24 hours after he fell.

---

[2] Plaintiff's motion to dismiss the TDCJ is GRANTED.  The TDCJ is an agency of the state of Texas, and the Eleventh Amendment prohibits an action against the state for damages or injunctive relief.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

[3] At the hearing, plaintiff testified that he fell from his bunk on May 29, 2008, but in his "Affidavit of Statement" he states that the date was April 29, 2008. (D.E. 1, at 2).  The April date is more consistent with his grievances.

Plaintiff remained at John Sealy Hospital for six weeks with his jaw wired.  In mid-June, 2008, the wires were removed and replaced with bands.  He was then sent to the Darrington Medical Unit for two weeks.  At the end of June, 2008, plaintiff returned to John Sealy Hospital for a follow-up visit.  His primary doctor, Dr. Shepherd, returned him to the McConnell Unit, but told him that he had an appointment scheduled at John Sealy Hospital on July 14, 2008, to have the metal braces in his gums removed.

Plaintiff was returned to the McConnell Unit.  There he submitted a sick call request for pain medication and Benadryl.  Despite orders from Dr. Shepherd that he receive these medications, Dr. Fitts would not approve them.

On July 14, 2008, plaintiff was not taken to his scheduled appointment at John Sealy Hospital to have the braces removed.  Plaintiff sent a sick call request asking about his appointment.  Dr. Fitts responded that it was a dental issue.

In early September 2008, plaintiff had still not been back to John Sealy Hospital to have the metal braces removed.  Officer Rocha approached him and related that Warden Mendoza wanted to know how he could help him.  Plaintiff stated that he had missed the July 14, 2008 appointment, and that Dr. Fitts had not helped him.  Shortly thereafter, plaintiff was seen by two different dentists.  One dentist was not qualified to perform the type of work necessary.  The other dentist agreed to do the work, but as of October 2, 2008, plaintiff had not been taken back for a follow up visit.  The metal braces remain in his gums.

### III.  DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.      Deliberate Indifference To Serious Medical Needs.**

Plaintiff claims that defendants Dr. Fitts, Warden Mendoza, Warden Jackson, and Major Barber have demonstrated deliberate indifference to his serious medical needs.

The Supreme Court has explained that "[d]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam) (citation omitted).  The Fifth Circuit has explained that "[d]eliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  A "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in

5

any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Merely negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. See Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Moreover, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. However, delay in treatment may be actionable under § 1983 if there has been deliberate indifference and the delay results in substantial harm. Mendoza, 989 F.2d at 195; see also Stewart, 174 F.3d at 537 (no evidence of substantial delay).

   **1. Plaintiff's claims against Dr. Fitts.**

In this case, plaintiff's primary complaint is that Dr. Fitts ignored and denied his repeated requests for a lower bunk, in deliberate indifference to his health and safety.

    **a. Claims against Dr. Fitts arising before August 22, 2006.**

The Court must "apply the forum state's statute of limitations" in § 1983 actions. Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006). Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by § 16.003(a) of the Texas

Civil Practice and Remedies Code. Id. "Accrual of a § 1983 claim is governed by federal law," however. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). A cause of action accrues when the plaintiff knows, or has reason to know, of the injury which is the basis of the action. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (citation omitted). The district court may raise the defense of limitations *sua sponte*, and dismissal is appropriate if it is clear from plaintiff's allegations that the claims asserted are barred by the applicable statute of limitations. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam) (citations omitted).

Here, plaintiff claims that for over four years, Dr. Fitts refused to give him a lower bunk pass, despite his repeatedly advising him of his sleep walking condition and his own fear that he would fall from his upper bunk and injure himself. Plaintiff executed his lawsuit on August 22, 2008. (D.E. 1, at 4). That is the earliest date he could have placed it in the prison mail system for filing, and it is deemed filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam). Thus, plaintiff's deliberate indifference claims against Dr. Fitts arising prior to August 22, 2006, are barred by limitations.

### b. Claims against Dr. Fitts arising on or after August 22, 2006.

Plaintiff's claims against Dr. Fitts arising on or after August 22, 2006, are not barred by limitations, and considered in the light most favorable to plaintiff, survive §1915A screening. He asserts claims that Dr. Fitts knew that the top bunk posed an unnecessary risk to his health and safety, but he ignored that risk when he failed to assign him to a lower bunk. Moreover, only medical personnel had the authority to make the bunk assignment, thus rendering Dr. Fitts' decision of some import, yet he refused to take the time to listen to plaintiff. A prisoner should

not have to suffer a broken jaw to be heard on his basic medical needs, and on something so readily available as the assignment of a lower bunk. See Farmer v. Brennan, 511 U.S. 825, 845 (1994) ("'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief.'") (citation omitted). Plaintiff has stated a claim against Dr. Fitts for purposes of § 1915A screening, and it is ordered that his claims against Dr. Fitts arising after August 22, 2006 be retained.

### 2. Plaintiff's claims against Warden Mendoza, Warden Jackson, and Major Barber.

Plaintiff seeks to hold Warden Mendoza liable arguing that, as warden, he is ultimately responsible for all that happens under his supervision. He admitted however, that he never spoke to Warden Mendoza personally, nor communicated to him via I-60s, grievances, or sick call requests. He alleges that he spoke to Assistant Warden Jackson on numerous occasions about his bunk assignment. However, Warden Jackson told him that only medical could assign him to a lower bunk. Finally, plaintiff is suing Major Barber claiming that he failed to classify him properly.

Section 1983 does not create supervisory, or respondeat superior liability. Oliver, 276 F.3d at 742. Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff admitted that Warden Mendoza had no personal involvement related to his Eighth Amendment claims raised herein. It is ordered that plaintiff's claims against Warden Mendoza be dismissed.

Plaintiff claims that he complained directly to Warden Jackson, and that Warden Jackson responded that he had no control over the medical department. The Fifth Circuit has noted that, given the size of the TDCJ, it is not unreasonable for supervisory officials to discharge their duties by referring matters to others. See Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004). Thus, it was not unreasonable for Warden Jackson to rely on the medical department to make all medical decisions. It is respectfully recommended that plaintiff's claims against Warden Jackson be dismissed.

As to Major Barber, plaintiff has no constitutional right in his classification, and therefore, it cannot support a claim for the denial of that right. See, e.g., Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Thus, considering all facts taken as true and in plaintiff's favor, he fails to state a claim against Warden Mendoza, Warden Jackson, and Major Barber, and it is ordered that his claim against these defendants be dismissed with prejudice for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**C.     Excessive Force.**

Plaintiff claims that in the fall of 2007, Captain Skau and an unidentified Officer John Doe used excessive force against him when he refused to accept a top bunk assignment.

For an excessive force claim, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to

cause harm, and that the injury he suffered was more than *de minimis*, but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6-7, 10, (1992) (stating that a claimant must show officials applied force maliciously and sadistically for the very purpose of causing harm); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between that need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." Gomez, 163 F.3d at 923.

Taking the facts in the light most favorable to plaintiff, he has stated a claim of excessive force against Captain Skau and Officer Doe. He related that he explained his sleep walking problem to the officers and his inability to get assistance from medical. Although he admitted to refusing the order to accept the top bunk, he testified that he would go willing to close custody. However, Captain Skau ordered a use of force and Officer Doe sprayed him with mace. In light of plaintiff's testimony, the force applied appears excessive and malicious. It is ordered that plaintiff's excessive force claim be retained and service ordered on Captain Skau and Officer John Doe.

**D.     Due Process During Disciplinary Hearings.**

Plaintiff asserts that his constitutional rights were violated when he was given a disciplinary case for refusing to accept a top bunk assignment in an effort to protect his own health. At the disciplinary hearing, he was represented by counsel substitute Norma Saenz. Plaintiff claims that Ms. Saenz rendered ineffective assistance of counsel because she was unable to provide a defense and he was found guilty of refusing to obey an order.

Plaintiff claims that Captain Falcon violated his constitutional rights because he failed to ensure that Warden Crites assisted plaintiff in filing a Step 1 and Step 2 appeal of his disciplinary decision.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. Sandin v. Conner, 515 U.S. 472, 483-84 (1997). However, because an inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there can be no constitutional violation based on a claim of ineffective assistance of counsel substitute at a prison disciplinary hearing. See Baxter v. Palmigiano, 425 U.S. 308, 315 (1976).[4] Thus, it is ordered that plaintiff's claim against Norma Saenz be dismissed with prejudice.

Similarly, plaintiff has no constitutional right to assistance in filing a Step 1 or Step 2 grievance, such that he fails to state a cognizable claim against Captain Falcon. Thus, it is ordered that his claim against Captain Falcon be dismissed with prejudice.

## IV.  CONCLUSION

Based on the above, it is ORDERED that:

(1) plaintiff's deliberate indifference to serious medical needs claim arising on or after August 22, 2006 against Dr. Fitts be retained and service ordered on this defendant, while any claims against Dr. Fitts arising before August 22, 2006 be dismissed;

---

[4] Baxter is a habeas corpus action. In general, before a prisoner can seek damages for an allegedly unlawful disciplinary conviction, the prisoner must first demonstrate that the conviction has been overturned in another court, or habeas corpus proceeding. See Edwards v. Balisok, 520 U.S. 641, 643 (1997) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

(2) plaintiff's claims of deliberate indifference against Warden Oscar Mendoza, Assistant Warden Norris Jackson, and Major Matt Barber be dismissed with prejudice for failure to state a claim and as frivolous;

(3) plaintiff's excessive force claim against Captain Michael Skau and Officer John Doe be retained, and service ordered on these defendants;[5]

(4) plaintiff's due process claims against Norma Saenz and Captain Arturo Falcon be dismissed with prejudice for failure to state a claim and as frivolous; and

(5) plaintiff's oral motion to dismiss his claim against the Texas Department of Criminal Justice be granted and the Texas Department of Criminal Justice be dismissed.

ORDERED this 15th day of October 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants are ORDERED to file with the Court within thirty days of this order copies of any reports addressing plaintiff's allegations regarding excessive force by Captain Skau in the fall of 2007.